Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. 32229;
 William A. Schipul, Esq., Assistant Public Defender, for Petitioner Jonathan Benedict, Esq., Assistant State's Attorney for the State.
Sentence Affirmed.
BY THE DIVISION: The petitioner who was thirty-six (36) years of age at the time of sentencing, was convicted after a trial by jury of the following crimes:
 Murder (Sec. 53a-54 (a) Possession of Narcotics with Intent to Sell [Sec. 21a-277 (a)]. Possession of Drug Paraphernalia-Factory [Sec. 21a-277 (c)].
He received concurrent sentences on these charges, as follows:
 Murder — Fifty-one (51) years. Possession of Narcotics-Intent — Fifteen (15) years. Possession of Paraphernalia-Factory — One year.
The total effective sentence was fifty-one (51) years.
On September 13, 1986, the victim was shot in the chest by the petitioner, in a residence in Bridgeport. The petitioner's apartment contained 9.5 grams of cocaine, 1.6 grams of crack cocaine and assorted drug paraphernalia.
Petitioner claims he was delusional, that the killing cannot be ascribed to any logical motive, that he thought he was killing the devil, that the murder was not especially cruel or heinous, and that he has a mental disorder. Therefore, for all these mitigating reasons the minimum sentence for murder (twenty-five years) is appropriate. The petitioner has no criminal record. The petitioner put forth an "Insanity" defense at trial, which was rejected by the jury, and, of course, the total effective sentence reflected CT Page 5089 the serious drug charges as well as the murder conviction.
It is difficult to accept the argument that somehow the voluntary ingestion of mind altering drugs mitigates the senseless murder of a young woman. Nor is it particularly significant that the murder was not "especially cruel or heinous," however one might describe that. An innocent life was taken — the pain and loss felt by her family was expressed at sentencing by a family representative.
The sentencing Court pointed out the senselessness of this killing, the long history of drug abuse, which included hashish, marijuana, "acid", THC, amphetamines, cocaine and alcohol.
In view of the gravity of the crime, a lengthy sentence was recommended by the probation office and deemed appropriate by the Court. The petitioner was exposed to a maximum of seventy-seven (77) years.
Under all the circumstances the Division does not find the sentence was excessive or disproportionate.
It is affirmed.
PURTILL, KLACZAK and BARRY, J's participated in the decision.